UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MINERVA TORRES, as Administrator of the Estate
of MIGUEL SANTIAGO, Deceased,

                                    Plaintiff,

                    - against -

ST. VINCENT DEPAUL RESIDENCE, a/k/a ARCH
CARE AT SAN VICENTE DE PAUL SKILLED
NURSING AND REHABILITATION,

                                    Defendant.
-----------------------------------------------------------------------x

**OPINION & ORDER**

No. 22-CV-7012 (CS)

<u>Appearances</u>:
Damien Smith
Duffy & Duffy, PLLC
Uniondale, New York
*Counsel for Plaintiff*

Megan A. Lawless
Dylan C. Braverman
Vigorito, Barker, Patterson, Nichols & Porter, LLP
Garden City, New York
*Counsel for Defendant*

<u>Seibel, J.</u>

Before this Court is Plaintiff's motion to remand.  (ECF No. 13 ("P's Mem.").)  For the

following reasons, the motion is GRANTED.

I.      **BACKGROUND**[1]

Plaintiff commenced this action in New York State Supreme Court, Bronx County[2] on

April 13, 2022, against Defendant St. Vincent DePaul Residence, a nursing home, on behalf of

the estate of her father ("Decedent").  (ECF No. 2-1 ("Compl.").)  Decedent was admitted to

Defendant's facility on or about April 13, 2019.  (AC ¶ 34.)  Plaintiff alleges that while Decedent

was residing there, Defendant "failed to timely and properly recognize and act upon [his] signs

and symptoms of infection from COVID-19, including fever, hypertension, tachypnea, and

hypoxia," (*id.* ¶ 36), and "failed to provide proper infection prevention and control procedures,"

(*id.* ¶ 38), resulting in Decedent's death, (*id.* ¶ 37).  In the AC, Plaintiff brings claims for

---

[1] The facts recited herein are drawn from the Amended Complaint.  (ECF No. 2-2 ("AC").)  In resolving this motion, the Court treats the facts alleged in the AC as true.  *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.") (Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.).  In addition, for purposes of determining whether removal was proper, the Court also considers the exhibits attached to Defendant's Notice of Removal, (*see* ECF No. 2), the exhibits attached to Plaintiff's memorandum in support of its motion to remand, (*see* P's Mem.), and the Declaration of Megan Lawless, and attached exhibits, in opposition to that motion, (*see* ECF No. 11).  *See Arseneault v. Congoleum Corp.*, No. 01-CV-10657, 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002) ("The Second Circuit . . . has said that, on jurisdictional issues, federal courts may look outside the pleadings to other evidence in the record," and therefore the court considers "material outside of the pleadings" submitted on motion to remand.), *reconsideration granted on other grounds*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002).

[2] Rule 20 of the Southern District of New York Rules for the Division of Business Among District Judges ("RFDOB") provides that "[a]ctions removed from a state court in New York County or Bronx County will be assigned to Manhattan."  On the civil cover sheet, counsel for Defendant erroneously certified that the case should be assigned to the White Plains courthouse under the RFDOB.  (*See* ECF No. 1 at 2.)  Nevertheless, "[t]he district court has discretion to excuse noncompliance with local court rules," *Fulfree v. Manchester*, 182 F.3d 899, at *1 (2d Cir. 1999), which I do, given that neither party has raised the error or otherwise suggested any prejudice resulting therefrom.

violation of New York Public Health Law ("PHL") § 2801-d, (*id.* ¶¶ 48-74), wrongful death, (*id.* ¶¶ 75-81), and gross negligence, (*id.* ¶¶ 82-91).

On August 17, 2022, Defendant timely removed the case to this Court.  (ECF No. 2.)  On September 20, 2022, the Court held a pre-motion conference during which I declined Defendant's request to stay the matter pending resolution of certain appeals to the Second Circuit, and permitted Plaintiff to file a motion to remand the case to state court.  (*See* Minute Entry dated Sept. 20, 2022.)  The instant motion followed.

## II.    LEGAL STANDARD

An action filed in state court may be properly removed by a defendant if "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Where," as here, "the parties are non-diverse, removal is . . . proper if there is federal-question jurisdiction under 28 U.S.C. section 1331, which grants district courts original jurisdiction over actions 'arising under' federal law."  *Druckman v. Morningside Acquisition I, LLC*, No. 22-CV-5324, 2022 WL 17336867, at *1 (S.D.N.Y. Nov. 30, 2022) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 60 (2d Cir. 2023).  "[A] suit seeking recovery under state law is not transformed into a suit arising under federal law merely because, to resolve it, the court may need to interpret federal law."  *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005).

"A case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption," unless the doctrine of complete preemption applies.  *Solomon*, 62 F.4th at 60 (emphasis in original); *see Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) ("The complete preemption doctrine is an exception to the well-pleaded complaint rule.")  Federal law completely preempts a state law cause of action only when the federal statute is "construed to have such extraordinary preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims." *Sullivan*, 424 F.3d at 272.  But complete preemption is rare among federal statutes; indeed, "[t]he Supreme Court has identified only three statutes as having the requisite preemptive force to support complete preemption."  *Whitehurst*, 928 F.3d at 206.[3]

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), is another exception to the well-pleaded complaint rule.  *See Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006).  Under 28 U.S.C. § 1442(a)(1), a case may be removed if it is brought against "any officer (or any person acting under that officer) of the United States or of an agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  To qualify as "acting under" a federal officer, a party must have been involved in "an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior."  *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007) (emphasis in original).  "Merely complying with federal directives and regulations does not fall within the scope of Section 1442(a)(1), even if the actor is a highly regulated private

---

[3] The three statutes are Section 301 of the Labor Management Relations Act, Section 502(a)(1)(B) of the Employee Retirement Income Security Act, and Sections 85 and 86 of the National Bank Act.  *Solomon*, 62 F.4th at 60 n.2.

entity." *Rivera v. Eastchester Rehab. & Health Care LLC*, No. 22-CV-2019, 2022 WL 2222979, at *3 (S.D.N.Y. June 21, 2022).

Finally, even where a plaintiff's case contains only proper, well-pleaded state-law claims, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The so-called *Grable* exception to the well-pleaded complaint rule applies to "a special and small category of cases," where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). If any of those four requirements is not satisfied, the exception does not apply. *See id.*; *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016).

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007), removal jurisdiction must be "strictly construed" and any doubts should be resolved against removability, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

### III.   **DISCUSSION**

Plaintiff moves to remand the instant action to state court on the ground that there is no federal jurisdiction because Plaintiff's causes of action are not, as Defendant contends, preempted by the Public Readiness and Emergency Preparedness ("PREP") Act. (*See generally* P's Mem.) Defendant argues in opposition that removal was proper because (1) Plaintiff's claims are completely preempted by the PREP Act, (2) Plaintiff's claims, which require

consideration of the PREP Act, invoke "arising under" jurisdiction, and (3) Defendant acted at the direction of federal officers, bringing the claims under the federal officer removal statute. (*See generally* ECF No. 10 ("D's Opp.").)

The PREP Act immunizes covered persons "from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure" during a public-health emergency.  42 U.S.C. § 247d-6d(a)(1).  During February 2020, pursuant to the PREP Act, the Secretary of the Department of Health and Human Services ("HHS") declared "COVID-19 . . . a public health emergency" and defined "covered countermeasures" as any "antiviral, drug, biologic, diagnostic, device, or vaccine used to treat, diagnose, cure, prevent, or mitigate COVID-19."  Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198, 15198-01 (Mar. 17, 2020).  For most claims pursuant to that declaration, "the PREP Act establishes a Covered Countermeasure Process Fund to compensate 'eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure.'"  *Solomon*, 62 F.4th at 58 (quoting 42 U.S.C. § 247d-6e(a)).

The PREP Act contains one exception to immunity:  for claims "for death or serious physical injury proximately caused by willful misconduct."  42 U.S.C. § 247d-6d(d)(1).  Willful misconduct is defined as "an act or omission that is taken (i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit."  *Id.* § 247d-6d(c)(1)(A).  The PREP Act grants exclusive federal jurisdiction over such claims to the United States District Court for the District of Columbia.  *Id.* § 247d-6d(e)(1).

At the time of the briefing of this motion, the consensus among lower courts in the Second Circuit was that removal is improper and remand is required in cases involving state law claims against health care facilities arising from patients' COVID-19-related deaths or illnesses. *See, e.g.*, *Ranieri v. Providence Rest, Inc.*, No. 22-CV-1030, 2022 WL 2819411, at *1-2 (S.D.N.Y. July 19, 2022); *Rivera*, 2022 WL 2222979, at *2-3; *Escobar v. Mercy Med. Ctr.*, No. 21-CV-2101, 2022 WL 669366, at *2-3 (E.D.N.Y. Mar. 7, 2022); *Garcia v. N.Y.C. Health & Hosps. Corp.*, No. 20-CV-9970, 2021 WL 1317178, at *1-2 (S.D.N.Y. Apr. 8, 2021); *Leroy v. Hume*, 554 F. Supp. 3d 470, 482 (E.D.N.Y. 2021), *appeal docketed*, (No. 21-2159); *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr.*, No. 20-CV-5153, 2021 WL 3549878, at *2-3 (E.D.N.Y. Aug. 11, 2021); *Shapnik v. Hebrew Home for Aged at Riverdale*, 535 F. Supp. 3d 301, 322 (S.D.N.Y. 2021).

While the instant motion was pending, the Second Circuit agreed.  In *Solomon*, 62 F.4th 54, the plaintiff had sued in state court, setting forth state-law claims arising from injuries he sustained following hospitalization for COVID-19.  The defendants removed the case to federal court, contending – as Defendant does here – that there was federal jurisdiction because (1) the PREP Act completely preempted the plaintiff's state law claims, (2) the defendants were subject to federal regulations, which brought them under the federal officer removal statute, and (3) the plaintiff's claims arose under federal law.  The *Solomon* Court's holdings doom Defendant's arguments.

### 1.    Complete Preemption

First, the *Solomon* Court held that the plaintiff's state law claims were not completely preempted by the PREP Act because his causes of action – medical malpractice, negligence, and gross negligence – did "not fall within the scope of the PREP Act's exclusive federal cause of

action for willful misconduct," and the PREP Act did not otherwise create any exclusive federal

cause of action that would encompass plaintiff's claims.  *Solomon*, 62 F.4th at 60.  None of the

plaintiff's causes of action, the Court reasoned, "r[o]se to the level of willful misconduct, which

the PREP Act defines as a standard for liability that is more stringent than a standard of

negligence *in any form*."  *Id.* at 61 (emphasis in original).  The Court noted that the standards for

negligence, gross negligence, and medical malpractice are "more relaxed than the showing

required for willful misconduct."  *Id.*  Here too, none of Plaintiff's claims rise to the level of

willful misconduct because they all may be proven through a showing of negligence.  *See*

*Kushner v. Schervier Nursing Care Ctr.*, No. 05-CV-5297, 2011 WL 13382681, at *5 (S.D.N.Y.

Jan. 19, 2011) ("To succeed on a claim under New York Public Health Law 2801-d(1), a

plaintiff must first make a prima facie case showing a deprivation of an enumerated right or

benefit.  Once the plaintiff has made a prima facie showing, the burden of proof shifts to the

defendant facility to prove as an affirmative defense that the facility exercised all care reasonably

necessary to prevent and limit the deprivation and injury for which liability is asserted.");

*Hollman v. County of Suffolk*, No. 06-CV-3589, 2011 WL 2446428, at *12 (E.D.N.Y. June 15,

2011) ("The negligence determination is also determinative of the plaintiff's wrongful death

claim, because to succeed on a cause of action to recover damages for wrongful death, the

decedent's personal representative must establish, *inter alia*, that the defendant's wrongful act,

neglect, or default caused the decedent's death.").  And, as the Second Circuit noted, "no form of

negligence can constitute willful misconduct."  *Solomon*, 62 F.4th at 61 n.3.

Defendant argues that, regardless of the labels of Plaintiff's claims, the AC pleads

colorable claims for willful misconduct, citing to allegations in which Plaintiff says Defendant

acted "intentionally" or "willfully."  (D's Opp. at 16-17 (citing AC ¶¶ 2, 3, 35, 41, 60, 65, 67, 72,

83-84).)  Defendant contends that "so long as [Plaintiff's claims] could have also fallen under the willful misconduct definition of the PREP Act, [they] fall[] within the Act's exclusive federal cause of action, thus forming the basis for federal jurisdiction here."  (*Id.* at 17.)  Despite Plaintiff's factual allegations that some of Defendant's conduct was willful or intentional, however, Plaintiff has not brought *claims* that require those states of mind, and instead has limited her causes of action to those premised on Defendant's negligence.  The Second Circuit has made clear that claims premised on negligence do not fall within the scope of the PREP Act's exception for willful misconduct.  *See Solomon*, 62 F.4th at 61-62.[4]

Accordingly, removal is not proper under the complete preemption doctrine.

### 2.   Federal Officer

Second, the *Solomon* Court rejected the defendants' argument that because they were acting under the direction of a federal officer, the federal officer removal statute conferred jurisdiction.  *See Solomon*, 62 F.4th at 63.  It held that "[a] private company's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal official.  And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored."  *Id.* The Court also noted that "it cannot be that the federal government's mere designation of an industry as important – or even critical – is sufficient to federalize an entity's operations and confer federal jurisdiction."  *Id.*

---

[4] The *Solomon* Court also made clear that its interpretation would not defeat the purpose of the PREP Act, because if artful pleading were at work, PREP Act immunity would apply to those claims whether they were adjudicated in state or federal court.  *See Solomon*, 62 F.4th at 62.  In any event, "[t]his is not a case of 'artful pleading' in which the Plaintiff is disguising what are essentially federal claims in state law clothing."  *Rivera*, 2022 WL 2222979, at *3.

Here, Defendant argues that it acted as a "private surrogate[]" for the federal government by serving as "members of the country's critical infrastructure under the control of HHS, [the Centers for Medicare and Medicaid Services] and [the Centers for Disease Control and Prevention] to respond to a declared public health emergency." (D's Opp. at 22.) Defendant adds that it was required to perform "government tasks" pursuant to "numerous protocols directed particularly to health care facilities for testing, prioritization and allocation of [personal protective equipment], and adherence to infection prevention and control standards." (*Id.* at 23.) But as the Second Circuit has stated in considering factually analogous circumstances, "Defendant[] may be subject to federal regulations and guidance governing the care they provide (including in connection with COVID-19), but that does not mean that they 'act under' a federal officer." *Solomon*, 62 F.4th at 63. Defendant fails to show that its role in providing care during COVID-19 goes beyond mere compliance with federal regulations such that it can be considered to have acted under a federal officer.

Accordingly, removal is not proper under the federal officer removal statute.

### 3.    "Arising Under" Jurisdiction

Third, the *Solomon* Court held that removal was not proper under federal "arising under" jurisdiction because the plaintiff had not "necessarily raised" a federal issue in his complaint. *Solomon*, 62 F.4th at 63-64. "To determine whether an issue is 'necessarily raised' we consider whether 'a right or immunity created by the Constitution or laws of the United States is an element, and an essential one, of the plaintiff's cause of action.'" *Id.* at 64 (quoting *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021)). The Court found that "[a]lthough Defendants have sought to avail themselves of the immunity granted under the PREP Act, our 'inquiry must be unaided by anything alleged in anticipation or avoidance of defenses which it is

thought the defendant may interpose . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Id*. (quoting *Tantaros*, 12 F.4th at 141-42).

Here, Defendant similarly asks the Court to find that Plaintiff has necessarily raised a federal issue because "[t]he extent to which the PREP Act applies to Plaintiff's claims requires the interpretation of federal law." (D's Opp. at 21.) But the relevant inquiry is whether Plaintiff has raised a federal issue in her complaint "unaided by anything alleged in anticipation or avoidance of defenses," *Solomon*, 62 F.4th at 64, and plainly she has not.

Accordingly, removal is not proper under federal "arising under" jurisdiction.

## IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 13), and remand this case to the Supreme Court of the State of New York, Bronx County.

**SO ORDERED.**

Dated:  April 3, 2023
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

11